WOLF, C.J.,
Dissenting with opinion.
On the record before us, we should remand to the trial court to reconsider appellant’s request for rehearing. I believe the trial court should be required to address appellant’s claim of improper notice.
It is undisputed that the notice of the pre-trial hearing for November 5, 2002, *819 stated that a final hearing would only occur if there was “a complete settlement of all the issues.” Appellant asserts that the only issue which was resolved prior to the hearing was paternity. The final order entered after the hearing addresses custody and support, but it gives no indication that these issues were resolved prior to the hearing.
Appellant filed a motion for rehearing which asserted the following:
5. After the Pre-Trial Conference the court entered a Final Judgment of Paternity on November 7, 2002.
6. At no time was the respondent aware that the hearing noticed as a PreTrial Conference had changed into a Final Hearing.
7. The respondent believes that he had legitimate defenses to the claims of the petitioner which he was unable to present because of the unexpected change in the nature of the scheduled Pre-Trial Conference.
8. The respondent was unable to procure counsel for a trial on the issues raised in the petition because the PreTrial Conference unexpectedly took on the character of a Final Hearing on the merits of the case.
9. The surprise change in the Pre-Trial Conference prevented the respondent from being prepared to explain his financial situation so that the court could properly calculate child support.
Appellee’s response to appellant’s motion for rehearing simply asserted that the original notice was sufficient to apprise appellant that a final hearing might take place. That assertion is clearly refuted by the record. It was never asserted that appellant waived notice, nor does the order denying rehearing indicate that appellant waived proper notice.
The majority affirms because of the lack of a transcript of the pre-trial hearing and the possibility of waiver.[1] If appellant was challenging a substantive factual determination made at the hearing, I would be in total agreement with the majority’s position. The record before us, however, raises sufficient issues concerning procedural fairness to require further proceedings in this case.[2]

. This pro se appellant may have not been aware of the necessity of having a court reporter present for a hearing he did not believe would address substantive matters concerning the remaining disputed issues.

. Appellant was afforded an opportunity to amend the record pursuant to Rule 9.200(f)(2), but failed to do so. I applaud the majority for making this effort, but I am still concerned that this record sufficiently raises due process considerations, requiring the trial court to address the issue of improper notice.